IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARK A. WESKER,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: SAG-21-03319 |
| **BANK OF AMERICA, N.A.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Mark A. Wesker and Natasha S. Wesker filed this lawsuit against Defendant Bank of America, N.A. ("BANA") for claims relating to BANA's handling of their attempt to modify the terms of their residential home equity line of credit ("HELOC"). BANA has filed a motion to dismiss the Amended Complaint, ECF 31. The issues have been fully briefed, ECF 32, 33, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, BANA's motion will be granted.

**I.   BACKGROUND**

The following facts are derived from the Amended Complaint, ECF 28, and are taken as true for purposes of evaluating BANA's Motion. Plaintiffs purchased a property and built a home in Reisterstown, Maryland ("the Property"). ECF 28 ¶ 8. In 2007, Plaintiffs executed a HELOC in the amount of $500,000, secured by the Property. *Id.* ¶ 9. Plaintiffs made all required HELOC payments timely until February, 2019. *Id.* ¶ 10. Because their monthly payments increased substantially in 2017, Plaintiffs had attempted to consolidate the HELOC with their primary mortgage on the Property, but those efforts were unsuccessful. *Id.* ¶ 11. In February, 2019,

1

Plaintiffs applied for BANA's Home Loan Assistance Program at BANA's recommendation. *Id.* ¶ 12. They spoke with a BANA representative on March 4, 2019 about their application. *Id.* ¶ 13. When they asked about their upcoming HELOC payment, the BANA representative "told them that it would not be a problem and that the application would be reviewed quickly and that they could expect a decision to be made within 30 days." *Id.* After submitting everything required for the application, "Plaintiffs believed that all monthly payments were suspended pending review." *Id.*

On April 12, 2019, BANA informed Plaintiffs that their application was not being reviewed because they had not submitted all required documents. *Id.* ¶ 14. Plaintiffs resubmitted their package and provided some additional materials, but BANA informed them on May 6, 2019 that they were not eligible for modification because their residence had insufficient value and because the delinquency was insufficiently severe. *Id.* BANA's letter also informed Plaintiffs that they could request reevaluation within 30 days and that their "home equity account will resume normal servicing" if they did not appeal. *Id.* ¶ 14.

Plaintiffs sought reevaluation and provided additional documents to BANA through the summer of 2019. *Id.* ¶¶ 14–15. In July 2019, BANA provided Plaintiffs with a new appraisal showing a substantial increase in value. *Id.* ¶ 15. Still, BANA did not respond as to the status of the application despite Plaintiffs' repeated efforts to resubmit their documentation. *Id.* ¶ 16. On September 17, 2019, Plaintiffs again inquired as to the status of their application, but received no response. *Id.* ¶ 16. Shortly thereafter, Plaintiffs noticed that the online information for the HELOC reflected that it had been closed out and had a $0.00 balance. *Id.* ¶ 17. At that same time, BANA

also stopped sending Plaintiffs monthly statements requesting payment.[1]  *Id.*  However, BANA continued reporting the delinquent and charged-off debt to the credit reporting agencies ("CRAs"). *Id.*

Plaintiffs contend that BANA "failed to approve the application and wrongfully provided negative and false credit reporting about Plaintiffs."  *Id.* ¶ 18.  They suggest that BANA "misled Plaintiffs into believing they qualified under the Home Loan Assistance Program." *Id.* ¶ 20.  They claim damage to their credit scores and other financial damage.  *Id.* ¶¶ 21–26.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss.  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (Agee, J., concurring in part), aff'd sub nom., *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law to state a claim upon which relief can be granted.  *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of

---

[1] This allegation in the Amended Complaint appears to acknowledge that BANA sent statements demanding payment to Plaintiffs throughout the time their application was pending, until it charged off the HELOC in September, 2019.

the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But, a court is not required

to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

## III. ANALYSIS

### A. Counts I and II – Negligence

In order to prevail on their claims for negligence or negligent misrepresentation, Plaintiffs must establish that BANA owed them a duty of care. *See Jacques v. The First Nat'l Bank of Md.*, 307 Md. 527, 531 (1986); *Martens Chevrolet, Inc. v. Seney*, 292 Md. 328 (1982). The relationship between a lender and a borrower, like BANA and Plaintiffs, is a contractual one, generally indicating no duty of care on which a tort claim can be premised. *See Yousef v. Trustbank Sav., F.S.B.*, 81 Md. App. 527, 536–37 (Md. Ct. Spec. App. 1990); *see also Am. Tank Transp., Inc. v. First People's Cmty. Fed. Credit Union*, HAR-94-459, 1995 WL 45676, at *2 (D. Md. Jan. 11, 1995) (dismissing negligence claim because bank did not owe duty of care to its customers). "Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability." *Jacques*, 307 Md. at 540. Contractual privity alone has not been deemed sufficient to establish an "intimate nexus," and instead, in these bank/customer contexts, a tort duty only exists in limited circumstances involving particularly vulnerable parties. *See Spaulding v. Wells Fargo Bank, N.A.*, 920 F. Supp. 2d 614, 621 (D. Md. 2012) ("The United States Court of Appeals for the Fourth Circuit has interpreted this exception to apply only to vulnerable parties.") (citing *Lawyers Title Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 293–94 (4th Cir. 2002)).

Plaintiffs do not contend any particular vulnerability other than their "existing customer relationship" with BANA. ECF 32 at 6. Courts have repeatedly rejected such allegations of privity in the context of borrowers' attempts to assert tort claims against their lenders for allegedly inadequate consideration of loan modification applications. *See, e.g.*, *Ensor v. Wells Fargo Bank, N.A.*, Civ. No. 21-324, 2022 WL 345513, at *3 (D. Md. Feb. 4, 2022) ("[L]oan modifications are not the type of 'truly extra, out of the ordinary services' that . . . trigger [a duty of care]"); *Maggio v. Center Bank, FSB*, Civil No. 19-1939, 2020 WL 1331930, at *5 (D. Md. Mar. 23, 2020) (quoting *Currie*, 950 F. Supp. 2d at 803) (holding that "vulnerable" borrowers seeking a loan modification did not allege the type of special circumstances to support a negligence claim because the "case presents a typical, arm's-length creditor/debtor relationship founded on a mortgage loan"); *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 250–53 (D. Md. 2013) (determining that plaintiffs failed to state a claim for "negligent processing, or failure to process, their request for loan modification"); *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 452 (D. Md. 2013) (dismissing a negligence claim relating to a loan modification agreement because no contractual privity as to the modification existed, only the parties' original mortgage agreement). Plaintiffs do not offer facts to support contractual privity with respect to a modification or adjustment to their loan contract, and accordingly are subject to the general rule that there is no tort duty between a bank and its customer. For those reasons, this Court will dismiss Counts I and II without prejudice.

### B. Count III – Promissory Estoppel

Plaintiffs' Count III alleges "detrimental reliance," which is more commonly called "promissory estoppel." The elements of promissory estoppel are (1) a clear and definite promise by the defendant; (2) a reasonable expectation by the defendant that the promise will induce action or forbearance by the plaintiff; (3) actual and reasonable action or forbearance induced by the

promise; and (4) a resulting detriment to the plaintiff that can only be avoided by enforcement of the promise. *See, e.g.*, *Pavel Enters., Inc. v. A.S. Johnson Co.*, 342 Md. 143, 166 (1996).

As currently pled in the Amended Complaint, Plaintiffs' claim fails at the first element. The Amended Complaint does not detail any clear and definite promise made by anyone at BANA that Plaintiff's modification would be approved or that Plaintiffs could stop paying their monthly payments, without consequence, during the entire period while their application was processed. Count II makes reference to "the May 3, 2019 letter," but there is no description, anywhere else in the Amended Complaint, of any letter sent on that date. ECF 28 ¶ 41. Plaintiffs' description of BANA's letter on May 6, 2019 also does not evidence any plain and definite promise that BANA ever "suspend[ed] payments due pursuant to the HELOC." *Id.* ¶¶ 14, 41. Count III will therefore be dismissed without prejudice.

**C. Counts IV and V – Negligent and Willful Violations of the FCRA**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, protects consumers against the reporting of inaccurate information to CRAs. To prevail in a FCRA cause of action, a plaintiff must show "(1) that [they] notified the CRAs of the disputed information; (2) that the CRAs notified [the lender] of the dispute; and (3) that [the lender] then failed to investigate and modify the inaccurate information." *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md. 2015). A plaintiff also must show that they sustained actual damages from the reporting of inaccurate information. *Id.*

Here, Plaintiffs have not alleged that any inaccurate information was reported. They expressly allege that they did not make their monthly payments after February, 2019, ECF 28 ¶ 12, and that their HELOC was charged off to a $0.00 balance, at which point BANA's collection efforts ceased. *Id.* ¶ 17. While they allege that those things should not have happened had their

modification been properly handled, the facts communicated to the CRAs about their failure to make payments and BANA's charge-off of the loan are not disputed or inaccurate. Without any allegation of an inaccuracy, no FCRA claim can lie for either negligent or willful conduct.

### D. Count VI – Maryland Consumer Protection Act ("MCPA")

The Amended Complaint alleges that BANA committed unfair and deceptive trade practices in violation of the MCPA. The elements of such a claim require conduct that was "(a) an unfair or deceptive practice or misrepresentation that [was] (2) relied upon, and (3) cause[d] [Plaintiff] actual injury." *Stewart v. Bierman,* 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citing *Lloyd v. Gen. Motors Corp.,* 397 Md. 108, 143 (2007)). The Amended Complaint enumerates seven separate examples of "deceptive conduct:"

- Misrepresenting to Plaintiffs that their payment obligations under the HELOC were suspended while their application was pending;
- Failing to properly and timely process Plaintiffs' application for home loan assistance;
- Repeatedly informing Plaintiffs that their application was incomplete due to missing documents that Plaintiffs had provided to Defendant on numerous occasions;
- Denying Plaintiffs relief pursuant to the Home Loan Assistance Program without a legitimate basis;
- Soliciting and allowing Plaintiffs' application for the Home Loan Assistance Program when it knew it would not accept the application;
- Misrepresenting the nature of the Home Loan Assistance Program; and
- Misrepresenting to Plaintiffs that HELOC payments were no longer due and the HELOC had been "closed out."

ECF 28 ¶ 64.

These seven allegations suffer from various flaws, but none establishes a deceptive trade practice. As to the first allegation, Plaintiffs have not alleged any facts supporting that BANA ever told them "that their payment obligations under the HELOC were suspended while their application was pending." Although the May 6th letter referenced resuming normal servicing if the Plaintiffs did not appeal, ECF 28 ¶ 14, this language does not suggest BANA agreed to suspend

their payments. The second, the failure to properly and timely process their application, is not a deceptive trade practice, but simply a complaint about timeliness. The third, suggesting that BANA made repeated requests for materials that had already been sent, again does not suggest deception absent some factual allegation that BANA had actually received the materials and intended to trick Plaintiffs into sending them again. The fourth is simply a complaint about the fact that Plaintiffs' application was evaluated and denied, not an allegation of deceptive conduct. Similarly, as to the fifth allegation, Plaintiffs allege no facts suggesting that BANA had made a pre-determination that it would reject their application. The sixth allegation is unclear, but the facts alleged do not suggest how BANA misrepresented "the nature of the Home Loan Assistance Program" to Plaintiffs. And as to the seventh allegation, the Amended Complaint itself alleges that the HELOC was closed out and payments were no longer due, so it is unclear how communicating those facts to Plaintiffs constitutes a misrepresentation.

Essentially, the allegations in the Amended Complaint at present do not reflect any inaccurate information being conveyed to Plaintiffs. Thus, there is no allegation of "deceptive conduct" or "unfair and deceptive trade practices" as required under the MCPA. This claim, too, will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, BANA's motion to dismiss is granted and this case will be closed. A separate Order follows.


Dated: September 30, 2022                              /s/
                                                Stephanie A. Gallagher
                                                United States District Judge